**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN; and IRON WORKERS LOCAL NO. 103 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, <br><br> Plaintiffs, <br><br> vs. <br><br> TRON MECHANICAL, LLC d/b/a TMI FABRICATORS, an Indiana Limited Liability Company, <br><br> Defendant. | Case No.: 3:25-cv-245 |

## COMPLAINT

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds"), and IRON WORKERS LOCAL NO. 103 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL, AND REINFORCING IRON WORKERS ("Local 103"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant TRON MECHANICAL LLC d/b/a TMI FABRICATORS ("Tron Mechanical"), and in support, allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security

1

        Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant is located within the jurisdiction of the United States District Court for the Southern District of Indiana, Evansville Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to a collective bargaining agreement ("CBA") between Local 103 and the Area Bargaining Unit, and therefore, are multi-employer benefit plans as defined by 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. Local 103 is a labor organization located in Evansville, Indiana, and is part of the Iron Workers St. Louis District Council.

7. Defendant Tron Mechanical is an Indiana Limited Liability Company with its principal place of business in Mount Vernon, Indiana.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

2

9. Tron Mechanical is an employer engaged in an industry affecting commerce.

10. Tron Mechanical is signatory to a Participation Agreement with the Trust Funds. (A copy of the Participation Agreement is attached as **Exhibit 1**).

11. Through the Participation Agreement, Tron Mechanical agreed to be bound to Local 103's CBA.

12. Through the CBA and Participation Agreement, Tron Mechanical became bound by the provisions of the Trust Funds' Trust Agreements.

13. Pursuant to the provisions of the CBA and Trust Agreements, Tron Mechanical is obligated to make monthly reports of hours worked by its covered employees and pay fringe benefit contributions to the Trust Funds and certain contributions and wage deductions to Local 103 at the negotiated rates.

14. Pursuant to the powers granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted the Audit and Collection Policy and Procedures ("Audit/Collection Policy"), which governs the collection of employer contributions and payroll compliance audits. (A copy of the Audit/Collection Policy is attached as **Exhibit 2**).

15. Pursuant to Section 502(g)(2) of ERISA, the Trust Agreements, and the Audit/Collection Policy, employers that fail to submit their monthly contribution reports and contributions to the Trust Funds by the fifteenth (15th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions and interest accrues at the rate of one and a half percent (1.5%) per month from the original due date is charged until the contributions are paid in full.

16. Pursuant to the CBA, Trust Agreements, and Audit/Collection Policy, signatory employers

are required to furnish the Trustees, upon request, with information that the Trust Funds' auditors may require in order to determine the accuracy of the contributions remitted by the employers.

17. Defendant Tron Mechanical is obligated to pay contributions and wage deductions pursuant to the CBA, along with the resulting liquidated damages and interest for delinquent contributions.

18. Tron Mechanical filed a contribution report for the work month of May 2020 but failed to pay the corresponding $11,460.82 owed in contributions and wage deductions.

19. Tron Mechanical failed to timely pay contributions to Plaintiffs for the work months of June 2020, August 2020, and January 2022, resulting in liquidated damages in the aggregate amount of $33,791.09, itemized as follows:

| Month: | Type: | Amount: |
|---|---|---|
| June 2020 | Liquidated Damages | $8,003.82 |
| August 2020 | Liquidated Damages | $10,510.77 |
| January 2022 | Liquidated Damages | $15,276.50 |
| | Total: | $33,791.09 |

20. Pursuant to the CBAs, Trust Agreements, and the Audit/Collection Policy, the Trust Funds' payroll compliance auditor conducted a payroll examination of Tron Mechanical's books and records for the period of April 1, 2020, through December 31, 2020 (the "Audit").

21. The Audit revealed that Tron Mechanical owes the Trust Funds contributions, liquidated damages, and interest in the aggregate amount $96,665.60, itemized below:

| Type: | Amount: |
|---|---|
| Contributions | $84,248.26 |
| Liquidated Damages | $8,424.83 |
| Interest | $3,992.51 |
| Total: | $96,665.60 |

22. The Audit identified that Tron Mechanical failed to report 3,504.40 hours worked by its covered employees within the trade and territorial jurisdiction of Local 103.

23. Based on the 3,504.40 unreported hours identified by the Audit, Tron Mechanical owes contributions and deductions to Local 103 in the amount of $12,984.17.

24. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Tron Mechanical.

25. Tron Mechanical is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant Tron Mechanical in the amount of $11,460.82 for contributions and wage deductions owed for May 2020;

B. Judgment be entered in favor of Plaintiffs and against Defendant Tron Mechanical in the amount of $33,791.09 for liquidated damages owed for June 2020, August 2020, and January 2022;

C. Judgment be entered in favor of Plaintiff Trust Funds and against Defendant Tron Mechanical in the aggregate amount of $96,665.60, itemized below:

   i. $84,248.26 in contributions based on the Audit;

   ii. $8,424.83 in liquidated damages based on the Audit; and

   iii. $3,992.51 in interest based on the Audit;

D. Judgment be entered in favor of Plaintiff Local 103 and against Defendant Tron Mechanical in the amount of $12,984.17 for contributions and wage deductions owed based on the unreported hours revealed by the Audit;

E. Judgment be entered in favor of Plaintiffs and against Tron Mechanical for any other contributions, wage deductions, liquidated damages, and/or interest found to be due and owing in addition to those referenced in Paragraphs A through D above;

F. Defendant Tron Mechanical be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

G. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Tron Mechanical's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

**IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 754-8720
Facsimile: (312) 255-0449
decker@johnsonkrol.com

*Attorney for Plaintiffs*